IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| NAVIGATORS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:19cv156-DMB-JMV |
| THUNDER CONSTRUCTION CORPORATION and MICHAEL SKINNER, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## NAVIGATORS INSURANCE COMPANY'S COMPLAINT
## FOR INDEMNIFICATION AND RELATED RELIEF

The plaintiff, Navigators Insurance Company ("Navigators"), files this complaint against the defendants, Thunder Construction Corporation ("Thunder") and Michael Skinner, individually ("Skinner"), as follows:

### PARTIES

1. Navigators is a corporation, organized and existing under the laws of the State of New York with its principal place of business located at 400 Atlantic Street, Stamford, CT 06901. Navigators is duly registered and licensed to transact insurance and surety business in Mississippi.

2. Thunder is an inactive Mississippi corporation that was administratively dissolved by the State of Mississippi on December 10, 2018. Upon information and belief, Thunder can be served with process by serving its listed agent for service of process, Michael Skinner, at 10039 Jacks Road, West Point, MS 39773.

3. Upon information and belief, Skinner is a resident citizen of the State of Mississippi who resides at either 10039 Jacks Road, West Point, MS 39773 or 3337 Snow Park Lane West, Memphis, TN 38119, and can be served with process at either 10039 Jacks Road, West Point, MS 39773 or 3337 Snow Park Lane West, Memphis, TN 38119.

## JURISDICTION AND VENUE

4. The jurisdiction of the United States District Court for the Northern District of Mississippi is invoked pursuant to 28 U.S.C. §1332 in that the claims are between residents of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000), exclusive of interest and costs.

5. The venue of this Court is proper pursuant to 28 U.S.C. §1391(a), because the acts giving rise to this claim occurred in the Northern District of Mississippi.

## FACTS APPLICABLE TO ALL COUNTS

6. Navigators is a surety company duly registered and authorized to transact business in the State of Mississippi and is engaged in the business of providing surety bonds in the State of Mississippi.

7. Thunder was, at all times relevant to facts alleged herein, a construction company operating in the State of Mississippi.

8. As an inducement of Navigators' issuance of surety bonds, Thunder, and Skinner, individually, executed a General Indemnity Agreement ("GIA") on or about August 4, 2016. A copy of the GIA is attached as Exhibit 1.

9. Under the provision of the GIA, Thunder and Skinner, jointly and severally, agreed to, inter alia:

> [E]xonerate, indemnify, and hold harmless the Surety against any
> and all claims, demands, liability, loss, cost, damages, fees of


> attorneys, engineers and/or other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such Bonds and any renewal, continuation or successor thereof, including but not limited to sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits or judgments under such Bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid. The Indemnitor(s) will indemnify the Surety against any and all claims, demands, liability, loss, damages, fees of attorneys, and any other expenses which the Surety may sustain or incur by reason of or in consequence of reliance upon representations made by the Indemnitor regarding defenses available to Principal and/or Surety to claims made against any such Bonds. The Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

See Exhibit 1 at ¶2.

10. Additionally, under the terms of the GIA, Thunder and Skinner, as indemnitors, jointly and severally, agreed to make payment to Navigators for Thunder's and Skinner's indemnity obligations "as soon as Surety notifies indemnitor(s) to deposit such funds with Surety, whether or not the Surety shall have paid out such sum or any part thereof or not" if the surety receives any claim or lawsuit asserting liability, or sets up a reserve to cover any potential liability, claim, suit or judgment under such bond. Id. at ¶3.

11. Further, Thunder and Skinner, as indemnitors, jointly and severally, agreed that each would:

> [A]ssign, transfer and convey, and grant security interest in and to, and the Indemnitor(s) [Thunder and Skinner] do by these presents

                assign, transfer and convey, and grant security interests in and to the Surety [Navigators], as of the date of execution of said Bond or Bonds, as collateral security for the full performance of the covenants and agreements herein contained and the payment of any other indebtedness or liabilities of the Indemnitor(s) [Thunder and Skinner] to the Surety [Navigators].

Id. at ¶5.

12. Thunder and Skinner, as indemnitors, jointly and severally, also agreed that:

> [T]he vouchers and other evidence of any such payments made by the Surety [Navigators] shall be prima facie evidence of the fact and amount of the liability to the Surety [Navigators].

Id. at ¶2 (emphasis added).

13. The GIA was executed by Thunder and Skinner, as indemnitors, in consideration of and as an inducement for Navigators' issuance of payment and performance bonds naming Thunder, as Principal, and Tate County School District, as Obligee.

14. On or about August 2, 2017, Thunder entered into a contract (the "Thunder Contract") with the Tate County School District (the "Owner") wherein Thunder agreed to provide all necessary services, labor and equipment for the construction and improvement of the Independence High School Building Addition (the "Project"). A copy of the Thunder Contract is attached as Exhibit 2.

15. In reliance upon Thunder's and Skinner's execution of the GIA and the (seemingly) adequate financial statements they provided to support their bond application, on or about August 21, 2017, Navigators issued a performance bond (the "Performance Bond") and a payment bond (the "Payment Bond") designated together as Bond No. 00000826, in the penal sum of $743,494.00 with Navigators, as Surety, Thunder, as Principal, and Owner, as Obligee, in connection with the Project. Copies of the Performance Bond and Payment Bond are attached as Collective Exhibit 3.

16. By letter dated December 21, 2017, Owner provided notice of default and termination of the Thunder Contract to Thunder, with a copy of its notice of default to the Surety, Navigators. Copies of the December 21, 2017 notices are attached as Collective Exhibit 4.

17. Subsequently, by letter dated January 10, 2018, Owner advised Navigators that Notice of Termination was provided to Thunder after Thunder had previously been declared in default of its contractual obligations on the Project. A copy of the January 10, 2018 letter is attached as Exhibit 5.

18. Pursuant to its rights and obligations under the Performance Bond, Navigators was compelled to investigate the claim and obtained bids for the completion of the work from several contractors, the most advantageous being that of TDL Contractors (the "Completion Contractor").

19. Subsequently, on March 22, 2018, Owner, Navigators, and the Completion Contractor entered into a Three-Party Tender Agreement (the "Completion Contract"), under which the Completion Contractor agreed to complete all the work remaining to be performed on the Project. A copy of the Completion Contract is attached as Exhibit 6.

20. In accordance with paragraph 3 of the Completion Contract, Navigators paid to Owner the sum of $174,708.17, plus additional architectural and consultant fees in the sum of $45,040.86 and legal fees in the sum of $8,312.50, for a total sum of $228,061.53. A copy of this payment is attached as Exhibit 7.

21. Subsequently, by letter dated May 22, 2018, Owner made an additional claim against the Performance Bond with respect to extra work and certain alleged latent defects related to foundational issues on the perimeter of the Project. Although Navigators contends the claim related to foundational issues is without merit and/or excluded under the terms of the Performance Bond, to the extent Navigators does incur additional expenses, attorneys' fees and costs associated

with the foundational issues, which continue to accrue, such damages are also covered under the GIA and will be owed to Navigators by Thunder and Skinner, as indemnitors. A copy of the Second Notice of Claim is attached as Exhibit 8.

22. Navigators has incurred, and will continue to incur in the future, substantial costs and expenses including, without limitation, attorneys' fees as a result of resolving the demand and claim made against the Performance Bond issued by Navigators on behalf of Thunder. All such damages are covered under the GIA, and are owed to Navigators by Thunder and Skinner, as indemnitors.

23. In the aggregate, the total amount of the claim against the Performance Bond issued by Navigators and paid by Navigators is $174,708.17. Additionally, the sum of $53,343.36 in attorneys' fees, consultant fees, and expenses are currently owed to Navigators. Therefore, the total amount due and owing to Navigators at this time by Thunder and Skinner, as indemnitors, is $228,061.53, plus ongoing attorneys' fees and expenses continuing to accrue. See, Exhibit 7.

24. In addition, Thunder and Skinner, as indemnitors, are obligated for any future damages, attorneys' fees and expenses arising out of the aforementioned foundational issues for which Owner has made demand against the Performance Bond, all of which continue to accrue.

25. By letter dated February 6, 2019, Navigators, by and through counsel, made demand for indemnification and collateral security on the indemnitors, pursuant to the terms of the GIA. A copy of the demand letter is attached as Exhibit 9.

26. Despite Navigators' demand for collateral and reimbursement of the amount paid, the defendants have failed and refused to deposit collateral security or satisfy their indemnity obligations as required under the GIA to cover Navigators for its actual losses and continuing losses and liabilities.

## COUNT I
## SPECIFIC PERFORMANCE OF THE GIA

27. Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 26 of this complaint.

28. Pursuant to the GIA, Thunder and Skinner, as indemnitors, are liable, jointly and severally, to Navigators in the amount of all losses incurred as a result of or in consequence of the issuance of the aforementioned Performance Bond. See, Exhibit 1.

29. A claim against the Performance Bond has been made as a result of Thunder's breach and default of the terms and conditions of the Thunder Contract. See, Exhibit 5 and Exhibit 8.

30. Navigators has demanded that Thunder and Skinner, as indemnitors, honor their obligations, including, but not limited to, indemnification and deposit of collateral security under the GIA, but the defendants have failed and refused to do so. See, Exhibit 9.

31. To date, Navigators has paid the sum of $174,708.17 for the claim against the Performance Bond, for which Navigators has not been reimbursed for any portion of that sum by the defendants pursuant to the terms of the GIA. See, Exhibit 7.

32. Additionally, Navigators has incurred $53,343.36, to date, consultant's fees, attorneys' fees and legal expenses pursuant to its efforts to obtain collateral security and/or indemnity from the defendants. Navigators continues to incur such fees and expenses for the claim, including but not limited to the claims made against the Performance Bond relating to the foundational issues. All such damages are covered under the GIA and are owed by Thunder and Skinner, as indemnitors.

33. Navigators expects in the future to incur additional charges, costs and fees under the Performance Bond for which it is entitled to indemnification and reimbursement by Thunder and Skinner, under the GIA.

34. Under the GIA, the defendants, jointly and severally, are liable to Navigators for all losses, costs, fees and expenses, including attorneys' fees, which have been incurred and/or will be incurred by Navigators in the future in connection with the GIA and the Performance Bond.

35. If the assets pledged to and relied upon by Navigators for indemnification by the defendants are wasted or diverted for other purposes by the defendants, Navigators will be left with no adequate remedy at law and is therefore entitled to specific performance of all of its rights and the defendants' obligations under the GIA, including, without limitation, exoneration, indemnification and deposit of collateral security requirements, and the defendants, jointly and severally, are required to specifically perform all such obligations.

## COUNT II
## BREACH OF GENERAL INDEMNITY AGREEMENT

36. Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 35 of this complaint.

37. Pursuant to the terms and conditions of the GIA, the defendants are liable, jointly and severally, to Navigators in the amount of all losses and expenses incurred as a result of or in consequence of the issuance of the aforementioned Performance Bond.

38. Demand has been made by Navigators upon the defendants for indemnification for the costs, losses and expenses Navigators has incurred under the Performance Bond. See Exhibit 9.

39. Navigators has demanded indemnification and collateral security pursuant to the terms of the GIA from the defendants, jointly and severally, for all sums, including costs and

attorneys' fees, expended or to be expended by Navigators under the Performance Bond as a result of Thunder's default under the Thunder Contract.

40. Despite such demand, the defendants have failed and refused to honor their obligations under the GIA, to make payment to Navigators pursuant to the GIA, and to protect Navigators from liability and loss in connection with the issuance of the Performance Bond.

41. The failure on the part of the defendants to make payment to Navigators pursuant to the GIA and to protect Navigators from liability and loss in connection with the issuance of the Performance Bond constitutes a breach of the GIA, and as a direct and proximate result of this breach, Navigators has incurred damages and liability.

42. All conditions precedent to Navigators' right to indemnification have been performed, waived, satisfied, or otherwise excused by the defendants.

43. In accordance with the GIA, Thunder and Skinner are obligated to indemnify Navigators for an amount exceeding $228,061.53, plus attorneys' fees, costs and expenses all which continue to accrue.

## COUNT III
## COMMON LAW INDEMNITY

44. Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 43 of this complaint.

45. Navigators is entitled to be indemnified by the co-defendant, Thunder, with respect to the Project and the losses and expenses suffered by Navigators under the Performance Bond.

46. The defendant, Thunder, is in breach of their common law indemnity obligations to Navigators.

47. As a result of the defendant's failure as aforesaid, Navigators has and continues to be damaged thereby.

## COUNT IV
## COLLATERAL SECURITY

48. Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 47 of this complaint.

49. To date, Navigators has suffered $53,343.36 in attorneys' fees, legal expenses and consulting fees, and has a reasonable basis to believe that it is in danger of suffering greater losses on the Performance Bond. Additionally, Navigators has incurred costs and losses in the amount of $174,708.17, as a result of the aforementioned claim. Thus, the current total of attorneys' fees, legal expenses, costs and losses suffered by Navigators is $228,061.53.

50. Pursuant to the GIA, the defendants are required to deposit as collateral security with Navigators a sum of money or other property acceptable to Navigators to protect it against any claim made or potential claim made under the Performance Bond and any expense or attorneys' fees.

51. The defendants should be required to deposit collateral security with Navigators in the amount of $228,061.53.

52. Navigators will suffer irreparable injury unless the defendants are required to specifically perform the collateral security provision of the GIA because recovery of a money judgment against the defendants for payment of their indebtedness to Navigators after it is reduced to judgment will not and cannot compensate Navigators for loss of the specific benefit of obtaining and holding valuable security now for the defendants' eventual performance of their indemnity obligations.

53. Because there is a substantial likelihood of success on the merits of Navigators' action against the defendants and because it would not be against public interest, Navigators

requests that this Court issue a preliminary injunction requiring the defendants to deposit collateral security with Navigators in the amount of no less than $228,061.53.

## COUNT V
## EXONERATION AND QUIA TIMET

54.     Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 53 of this complaint.

55.     Navigators will be secondary liable for all pending claims against the Performance Bond where the defendant, Thunder, is the principal.

56.     Under the equitable doctrines of exoneration and quia timet, Navigators is entitled, without first paying out any of its own funds, to require the defendants to discharge their primary obligations under the Performance Bond and the GIA.

57.     If defendants are not required to satisfy claims already made, Navigators will be forced to incur further attorneys' fees and expenses.

## COUNT VI
## FRAUD

58.     Navigators realleges and reaffirms the allegations set forth in paragraphs 1 through 57 of this complaint.

59.     At all relevant times hereto, the defendants, Thunder and Skinner, engaged in fraud and/or intentional misrepresentation when they represented and provided to Navigators false and fictitious information in the defendants' surety application regarding Thunder's and Skinner's financial standing.

60.     Specifically, in an effort to fraudulently obtain the aforementioned Performance Bond and Payment Bond in the amount of $743,494.00, Thunder and Skinner intentionally and

fraudulently provided to Navigators false and fictitious Certified Public Accountant ("CPA") statements purporting to portray Thunder and Skinner in adequate financial standing.

61. The fraudulent CPA statements indicate they were prepared by a CPA named "Traci Lynn Baker" of a Memphis, Tennessee accounting firm named "Robert Baker & Associates." The statements also contained licensing numbers for both the individual CPA and the accounting firm. A copy of both financial statements is attached as Collective <u>Exhibit 10</u>.

62. Upon information and belief, there is no licensed CPA named "Traci Lynn Baker," and no reference whatsoever to the license number provided in the financial statements. There is also no licensed accounting firm that exists in Tennessee with the name of Robert Baker & Associates.

63. The telephone number provided with the financial statements and alleged contact number for the accounting firm, 901-590-0988, is actually the telephone number of one "Traci Skinner," who, upon subsequent and thorough investigation, appears to be the homeowner of a certain address located in Memphis, Tennessee which has previously been associated with defendants Thunder and Skinner.

64. Each of Thunder's and Skinner's intentional misrepresentations were material and were made with Thunder's and Skinner's knowledge of their material falsity.

65. Navigators reasonably relied on Thunder's and Skinner's material and intentional misrepresentations in issuing the Performance Bond and Payment Bond to Thunder and Skinner in the amount of $743,494.00.

66. Thunder's and Skinner's actions were intentional, willful, malicious and/or reckless and entitle Navigators to punitive damages. The defendants knew of the foregoing falsehoods and

made them intentionally, willfully, maliciously, and recklessly with the intent to deceive Navigators and induce it into issuing the Performance Bond and Payment Bond.

67. As a direct and proximate cause of the willful and intentional misrepresentations by Thunder and Skinner, Navigators has suffered damages in an amount to be determined at trial, plus punitive damages and expenses and attorneys' fees incurred to date.

**WHEREFORE**, Navigators prays for the following relief:

(a) The defendants, jointly and severally, be ordered to specifically perform their obligations under the GIA;

(b) Judgment be had against the defendants in a total amount of no less than $228,061.53 plus pre-judgment and post-judgment interest, attorneys' fees, and costs and expenses additionally incurred and/or subsequently incurred by Navigators;

(c) A permanent mandatory injunction requiring the defendants to deposit collateral security with Navigators in an amount no less than $228,061.53;

(d) A permanent mandatory injunction requiring the defendants to indemnify, exonerate, and hold harmless Navigators by requiring the defendants to pay any forthcoming claims made against the Performance Bond;

(e) For punitive damages not to exceed $2,000,000.00; and

(f) Such other and further relief as this Court deems just and proper.

        Respectfully submitted,


/s/Joseph T. Getz
Joseph T. Getz        Mississippi Bar No. 4803
Evans Petree, PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
jgetz@evanspetree.com
Attorneys for Navigators Insurance Company

-14-

## VERIFICATION

STATE OF NEW ~~JERSEY~~ York

COUNTY OF ~~MIDDLESEX~~ Richmond

Before me, the undersigned Notary Public, personally came and appeared, Brian E. Bragg, who, after being duly sworn, did depose and say that he is the Claims Manager of Navigators Insurance Company, and, as such, is authorized to execute this verification on behalf of Navigators Insurance Company, that he has read the complaint for indemnification in the referenced matter, and to the best of his knowledge, the facts pleaded in the complaint are true, and that the basis of the grounds for this belief are his personal knowledge of the facts as set forth therein.

Brian E. Bragg

Sworn to and subscribed before me this 23rd day of July, 2019.

Notary Public

My Commission Expires:

ANGELA CONENNA
Notary Public, State of New York
No. 01CO6029961
Qualified in Richmond County
Commission Expires August 30, 2021