IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NAVIGATORS INSURANCE COMPANY**                                          **PLAINTIFF**

**V.**                      **NO. 3:19-CV-156-DMB-JMV**

**THUNDER CONSTRUCTION**
**CORPORATION and**
**MICHAEL SKINNER, individually**                                         **DEFENDANTS**

## OPINION AND ORDER

After the Court granted Navigators Insurance Company's motion for default judgment against Thunder Construction Corporation and Michael Skinner on its claim for breach of an indemnity agreement, Navigators moved for damages. Because Navigators' request for $382,680.08 in damages is supported by proof of payments made in accordance with the indemnity agreement, the motion for damages will be granted.

## I
## Procedural History

On July 23, 2019, Navigators Insurance Company filed a complaint in the United States District Court for the Northern District of Mississippi against Thunder Construction Corporation and Michael Skinner, individually, alleging various claims related to a general indemnity agreement executed by Thunder and Skinner in return for Navigators' issuance of payment and performance bonds regarding a construction project of the Tate County School District. Doc. #1. The complaint contains six counts: (1) "Specific Performance of the [General Indemnity Agreement];" (2) "Breach of General Indemnity Agreement;" (3) "Common Law Indemnity;" (4) "Collateral Security;" (5) "Exoneration and Quia Timet;" and (6) "Fraud." *Id.* at 7–12. As relief, Navigators sought (1) specific performance of the indemnity agreement; (2) an award of

"$228,061.53 plus pre-judgment and post-judgment interest, attorneys' fees, and costs and expenses additionally incurred and/or subsequently incurred by Navigators;" (3) a "permanent mandatory injunction requiring the defendants to deposit collateral security with Navigators in an amount no less than $228,061.53;" (4) a permanent mandatory injunction requiring the defendants to "pay any forthcoming claims made against the Performance Bond" issued by Navigators; and (5) punitive damages. *Id.* at 13.

Approximately nine months later, on March 17, 2020, Navigators obtained an entry of default against Thunder and Skinner. Docs. #22, #23. Nearly a year later, on March 8, 2021, in response to being ordered to show cause why this case should not be dismissed for lack of prosecution,[1] Navigators filed a motion for default judgment. Doc. #27. The Court granted the motion to the extent it sought default judgment on Navigators' claim for breach of the indemnity agreement. Doc. #29 at 11. But because Navigators failed to present proof of its damages in the form and substance contemplated by the indemnity agreement, the Court denied damages without prejudice to Navigators renewing its damages request.[2] *Id.*

On September 14, 2021, Navigators filed a motion for damages requesting "$382,680.08, plus post judgment interest and a final order of judgment." Doc. #33.

## II
## Damages Standard

"A default judgment establishes the defendant's liability but not the quantity of damages."

---

[1] Doc. #25.

[2] Navigators was allowed fourteen days to renew its request for damages. Doc. #29 at 11. By that deadline, Navigators filed a motion for a hearing on damages. Doc. #30. The Court denied the motion without prejudice because "the evidence Navigators represent[ed] it would introduce at a hearing could easily be submitted to the Court as exhibits to a motion or other document." Doc. #32 at 2. Accordingly, the Court allowed Navigators within fourteen days to either "file a motion for damages for breach of the indemnity agreement, with exhibits and a supporting memorandum" or "renew its request for a hearing, with a memorandum including argument as to why its evidence cannot be submitted in the form contemplated by the indemnity agreement." *Id.*

*Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). Rather, following a default judgment, "[a] plaintiff bears the burden of proving his damages." *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014); *see Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) ("the burden of establishing [default judgment] damages rest[s] squarely and solely" on plaintiff). "[W]here a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing [on damages] is not necessary." *J & J Sports Prods., Inc. v. Bermudez*, No. 17-CV-387, 2017 WL 4448244, at *4 (W.D. Tex. Oct. 5, 2017) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## III
## Analysis

In granting default judgment, the Court determined that Navigators, Thunder, and Skinner entered into a valid indemnity agreement and that Thunder and Skinner breached that agreement. Doc. #29 at 8–9. For breach of the indemnity agreement, Navigator seeks "$382,680.08, plus post judgment interest and a final order of judgment." Doc. #33 at 1.

The indemnity agreement provides:

> The Indemnitor(s) will exonerate, indemnify, and hold harmless the Surety against any and all claims, demands, liability, loss, cost, damages, fees of attorneys, engineers and/or other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such Bonds and any renewal, continuation or successor thereof, including but not limited to sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits or judgments under such Bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid. … The Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.
> …

> … An itemized statement of payments made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety or the copies of the checks or drafts for such payments shall be prima facie evidence of the liability of the Indemnitor(s) to reimburse the Surety such amounts from the date of payment.

Doc. #1-1 at PageID 16–17.

In support of its damages request, Navigators relies on the affidavit of Brian Bragg,[3] who has "primary responsibility for managing, investigating and determining … claims" by Navigators against Thunder and Skinner. Doc. #33-1 at PageID 243. Bragg attests that after Thunder defaulted on its contractual obligations to the Tate County School District, Navigators paid $175,708 to the School District pursuant to a completion contract; the School District made "an additional claim … with respect to extra work and certain alleged latent defects related to foundational issues;" and after a separate legal action was filed based on the School District's additional claim, "Navigators paid Tate County the sum of $80,000 in full and final resolution" of the action. *Id.* at PageID 245–46. In addition to damages arising from the contract with the School District, Navigators lists additional damages of $5,812.43 in costs for investigation and mediation, and $103,490.30 for "expenses" paid to two separate consultants and legal fees. *Id.* at PageID 313. According to Braggs, Navigators paid a total of "$382,680.08 as a result of … all the claims against the Bonds and resolving all matters with Tate County, prosecuting this action under the Indemnity Agreement, and seeking the enforcement of the Indemnity." *Id.* at PageID 246–47. The exhibits attached to Bragg's affidavit include an itemized list of payments, copies of checks, a summary of Navigator's damages, and in one instance, a receipt for a domestic transfer of funds. Doc. #33-1 at PageID 309–53.

---

[3] Navigators also submitted the affidavit of attorney Joseph Getz regarding the details of payments made for legal fees. Doc. #33-2.

Under New York law,[4] "pursuant to an indemnity agreement …, the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the oblige." *Prestige Decorating and Wallcovering, Inc. v. U.S. Fire Ins. Co.*, 858 N.Y.S.2d 1, 1 (N.Y. App. Div. 2008). Because Navigators submitted sufficient proof to support the total damages it seeks[5] under the indemnity agreement and because it does not appear the payments comprising those damages were made in bad faith or are unreasonable, Navigators has established Thunder and Skinner are liable to it for the requested amount.[6]

As to Navigators' request for post-judgment interest, "federal law controls the award of postjudgment interest." *ExxonMobil Corp. v. Electrical Reliability Servs., Inc.*, 868 F.3d 408, 419 (5th Cir. 2017). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, Navigators is entitled to post-judgment interest at the statutory rate. *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013) ("Postjudgment interest is not discretionary but shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield.") (quoting 28 U.S.C. § 1961).

---

[4] The indemnity agreement provides that the parties "agree that the construction, validity and performance of this Agreement shall be governed by the laws of the State of New York." Doc. #1-1 at PageID 18.

[5] *See* Doc. #33-1 at PageID 314–53.

[6] Navigators requests five cents more than it paid to Bierhalter & Associates on July 16, 2019. *Compare* Doc. #33-1 at PageID 311 *with id.* at PageID 336. The Court will not award Navigators more than what its proof reflects as to any individual item comprising the total damages it requests. However, there is support in the record for the total amount of damages requested. Navigators only requests $57,599.29 for payments made to Evans Petree which actually total $57,712.29, and also fails to request any damages based on a payment to Madison Plumbing. *Id.* at PageID 309, 312–13, 319. Although the payment to Madison Plumbing is on the itemized list of payments and supported by a copy of the check, the payment is not accounted for in the summary of damages. *Id.* at PageID 313. The Court declines to award Navigators more in damages than it requests.

## IV
## Conclusion

Navigators' motion for damages [33] is **GRANTED**. A judgment in the amount of $382,680.08 plus post-judgment interest will be issued on Navigator's breach of indemnity agreement claims against Thunder and Skinner.

**SO ORDERED**, this 14th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**